WILEY NEIGHBORS, RESPONDENT, v. J. J. LEWIS, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed June 9, 1927.

**Exceptions, Bill of—Term Bill—Cause Continued Without Filing—Could Not Subsequently File General Bill.** Where only defense in action on note was disposed of at March term of court in passing on motion to dismiss, and defendant, when cause was continued until next term, took no leave to file term bill to preserve exceptions taken, questions raised in such motion became **res judicata** and could not be preserved for review in general bill of exceptions allowed at subsequent term.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 273, n. 48; p. 298, n. 63.

Appeal from the Circuit Court of Wright County.—Hon. C. H. Skinker, Judge.

AFFIRMED.

*Fred W. Lewis* for appellant.

No brief for respondent.

(1) The court erred in failing to sustain the defendant's motion to dismiss this case for the reason that the plaintiff was not the proper party plaintiff. 1 Remington on Bankruptcy, par. 996; Juden v. Nebham, 103 Miss. 84; Rand v. Iowa Central Ry. Co., 96 App. Div. 413; 89 N. Y. Supp. 212; Saunders v. Mitchell, 61 Miss. 321; Railways Co. v. Creighton, 69 Miss. 159, 12 So. 271. (2) The court

erred in permitting the plaintiff to testify over the objection of the defendant as to the assignment of the note and the contents of said assignment without first having produced the notes mentioned in the testimony.

BRADLEY, J.—This action is upon a promissory note, and was commenced in a justice of the peace court. The cause was appealed to the circuit court and tried before the court without a jury resulting in a judgment in favor of plaintiff. Motion for new trial was filed and overruled and defendant appealed.

The note sued on is for $61 and was executed by defendant November 13, 1914. Suit was filed September 14, 1924. The defense interposed was that since the execution of the note plaintiff had been adjudged a bankrupt and had received his discharge and that in the bankruptcy proceedings he did not list the note here sued on as an asset. Plaintiff admitted that he did not list the note in his schedule of assets, but gave as a reason for not listing it that it was then up as collateral to the First National Bank of Mountain Grove, Missouri. He further testified that after his discharge in bankruptcy he paid off the note which he owed to the bank and redeemed the note here sued on.

As stated this suit was filed September 14, 1924, in a justice of the peace court and was appealed to the circuit court. March 2, 1925, and at the March term of the circuit court, defendant filed his motion to dismiss, said motion being based on the ground that plaintiff, since the execution of the note, had been adjudged a bankrupt and had been discharged, and that he did not list in his schedule of assets in said bankruptcy proceedings the note sued on, and that, notwithstanding his failure to list the note, he was not the real party in interest and could not in his own name and in his own behalf prosecute an action on the note. March 4, 1925, the motion to dismiss was taken up and evidence heard thereon. After hearing the evidence on the motion to dismiss the court on the same day, March 4, 1925, overruled the motion, to which defendant saved his exception. After the motion to dismiss was overruled the cause was continued until the next term of court, but defendant did not obtain leave to file a term bill of the exceptions taken at the hearing on the motion to dismiss.

June 3, 1925, and at the June term of the court the cause was tried resulting in a judgment, as stated, in favor of plaintiff. At the hearing June 3rd plaintiff offered in evidence the note sued on. Defendant objected to the introduction stating as grounds for the objection the same grounds as stated in his motion to dismiss at the prior term. This objection was overruled, and plaintiff introduced his note and rested. Defendant thereupon introduced about the same

character of evidence that he had introduced at the prior term on his motion to dismiss. At the conclusion of the trial on June 3rd the court rendered judgment in favor of plaintiff for $112.24.

February 5, 1926, defendant filed his bill of exceptions, embodying therein all the exceptions taken on the motion to dismiss at the March term, 1925. It is clear that when defendant did not take leave to file a term bill of exceptions at the March term, 1925, in order to preserve for review the exceptions taken on the motion to dismiss, that he could not at a subsequent term preserve these exceptions by embodying them in his general bill allowed at the subsequent term. [Kline Cloak & Suit Company v. Morris et al., 293 Mo. 478, 240 S. W. 96; Sweeney v. Sweeney, 283 S. W. (Mo. App.) 736; State ex rel. v. Southern Surety Company, 294 S. W. (Mo. App.) 123.]

There was no defense made except that plaintiff was not the real party in interest. And that question was disposed of at the March term, 1925, and when that term ended and defendant took no leave to file a term bill to preserve the exceptions taken on the motion to dismiss, the questions raised in the motion became *res adjudicata*, and could not be preserved for review in the bill of exceptions filed. [State v. Zugras, 267 S. W. (Mo. Sup.) 804.]

We have examined the record that is properly before us and find no error. The judgment should, therefore, be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.